·2   83
59a 469

THE PEOPLE OF THE STATE OF ILLINOIS, for the use of WILLIAM LEE D. EWING, plaintiffs in error *v.* WILLIAM MILLER and IGNATIUS R. SIMMS, defendants in error.

*Error to Morgan.*

For a breach in the condition of the bond of an executor, an action may be maintained against any one or more of the obligors in such bond. The common law in this particular is changed by statute.

It is not necessary to establish a *devastavit* previous to instituting a suit on an executor's bond. The statute has dispensed with the proof of a *devastavit.*

The statute of Wills gives an action against the obligors in an executor's bond, in cases of neglect or refusal to comply with any of the provisions of the law governing the conduct of the executor, as also in cases where one or more of the covenants in his bond are violated.

THIS was an action of *covenant* commenced in the Morgan Circuit Court by the plaintiffs in error against the defendants in error upon an executor's bond.

The breaches assigned in the declaration, are as follows:

" And the said People say that the said William Miller has not paid the judgment aforesaid, or any part thereof, to the said William Lee D. Ewing, although often requested so to do, but has devastated and wasted the estate, goods, chattels and effects of the said Benjamin P. Miller, deceased, of whom he, the said William, was executor as aforesaid.

And the said People aver that the said William Miller (and the said Simms) have otherwise broken their covenants and have not kept and performed the same in this, that the said William Miller did not return to the office of the Court of Probate of said county within three months after the date of his letters testamentary, a true and perfect inventory and valuation of the

personal estate of the said Benjamin P. Miller, deceased, neither did the said William Miller return to the said office of the Court of Probate of said county, a true and perfect inventory of all monies, judgments, bonds, promissory notes, and open accounts, or other evidences of debts of the said estate, neither has the said William Miller filed in the said Probate Office, a true and perfect statement and list of titles to estates as well real as personal, equitable or legal, neither has the said William Miller exhibited to the Court of Probate and filed in the said office, any information or statement showing the kind, quantity, quality or value of said real estate as by the laws of the land he, the said William, as executor, was bound to do, but he, the said William Miller, has received and taken possession of the real and personal estate of the said Benjamin P. Miller, deceased, and has sold and disposed of the real estate of the said estate of the said Benjamin P. Miller, deceased, and received and wasted the proceeds thereof, and has failed and refused to pay the said William Lee D. Ewing the amount of the judgment aforesaid, although often requested so to do.

And the said People say that the said defendants have not kept their covenants, but have broken the same in this, the said William Miller did not as executor of the said Benjamin P. Miller, deceased, exhibit to the said Aaron Wilson, Judge of the Court of Probate of said county, at the first term of said Court of Probate which was in session after the expiration of one year from the date of his said letters testamentary, a true and perfect account of all his actings and doings as executor as aforesaid, and then and there proceed to settle the affairs and business of said estate, as by his bond and obligation aforesaid, and by the laws of the State of Illinois he was bound to do ; but although twelve months have long since expired since the appointment of the said William Miller as executor, and since the date of his said letters testamentary, yet he has not settled with the said Court of Probate the business and affairs of said estate, or paid to the said William Lee D. Ewing the debt and judgment aforesaid, or any part thereof, although often requested so to do.

And the said People of the State of Illinois, protesting that the said defendants, Miller and Simms, have not kept, fulfilled or performed any thing in their said bond and obligation, or by the laws of the State as the said Miller was bound to do and perform, and that the said debt and judgment and costs in favor of the said Ewing, remained totally in arrear and unpaid to him, said Ewing, contrary to the tenor and effect, true intent and meaning of the said indenture and the laws of the State aforesaid, to wit, at the county and Circuit aforesaid.

And so the said People say, that the said William Miller and Ignatius R. Simms (although often requested so to do) have not

kept their said covenants so by them made as aforesaid, but have broken the same, but to keep the same with the said People, have hitherto wholly neglected and refused, and still do neglect and refuse, to the damage of the said People one thousand dollars, and therefore this suit is brought for the use of the said William Lee D. Ewing as aforesaid, to wit, at the county and Circuit aforesaid.

M. McConnell,<br>Attorney for the People and Ewing."

Judgment was given *pro forma* for the defendants upon demurrer to the declaration, and the cause by agreement was brought into this Court.

L. Davis and S. McRoberts, for plaintiffs in error, relied upon R. L. 650, § 121(1); idem. 653, § 132,(2); idem. 634, § 65.(3)

William Thomas, for the defendants in error.

Smith, Justice, delivered the opinion of the Court:(4)

This case is submitted for the decision of this Court, on a written agreement, the parties thereby waiving the service of process, and entering their appearance and filing a record of the cause. By an inspection of the record, it appears that it was an action of covenant on an executor's bond, against the defendants, in the Morgan Circuit Court, and that only two of the obligors in the bond have been sued. The declaration avers the appointment of Miller as executor, and that he took upon himself the burthen of the administration and executorship of the testator; and that he, with the other defendant, and one Waller Jones, then and there made and entered into a bond which is in exact conformity with the form prescribed by the statute of the State, in such cases, and which is set out in *hæc verba*. It is then averred, that the defendants have not kept their covenants in the bond contained, but have broken the same, because the relator, Ewing, recovered, by default, a certain judgment against Miller, as executor, for the sum of eight hundred and thirty-four dollars in the Morgan Circuit Court, at the May term of said Court, 1833, with costs of suit, to be levied of the goods and chattels of the testator, in the hands of the executor to be administered; upon which judgment an execution had been issued and returned *nulla bona*. The declaration then avers a non-payment by defendant, Miller, of such judgment, and that he has wasted and devastated the estate, and goods, and chattels, and effects of the testator. It then assigns various breaches of the condition of the bond in not returning an inventory and valuation of the personal estate of the testator, and the not perform-

(1) Gale's Stat. 716.    (2) Gale's Stat. 718.    (3) Gale's Stat. 703—4.
(4) Lockwood, Justice, dissented from the opinion of the Court.

H

ing the general requirement of the obligations of the bond, and avers that the defendant, Miller, has sold and wasted the estate of the testator. It also alleges that no settlement of the estate has been made in the Court of Probate of Morgan county, although one year had elapsed from the date of the letters testa-. mentary, as by law he was bound to have done; nor has any account of the actings and doings of the executor been presented to such Court. To this declaration there was a general demurrer, and also an admission or agreement, that Waller Jones executed the bond with the other defendants, and that he was jointly bound with the other defendants in the bond ; that he was still living, and that the defendants might take advantage of the nonjoinder of Jones upon the demurrer, as though a plea in abatement had been filed. At the request of the parties a judgment *pro forma* was rendered, sustaining the demurrer.

On this statement of the case, two points seem to be presented for consideration :

1. Whether the declaration is substantially good ; and whether, under our laws, the action on the bond could be maintained for a breach of its conditions.

2. Can the action be sustained against two of the obligors only ?

On the first point, it is not perceived why the declaration is not sufficient. It contains all the necessary recitals and averments, and the breaches seem to be well assigned.

The statute relative to wills and testaments, in force July, 1829, in the one hundred and thirty-second section, provides, "That whenever any executor or administrator, shall fail to comply with the provisions of that act, or shall fail to comply with any or all the covenants in his bond, an action may be forthwith instituted and maintained on such bond against the principal or securities, or both ; and the failure aforesaid shall be a sufficient breach to authorize a recovery in the same manner, as though a *devastavit* had been previously established against such executor or administrator."

This section gives the action in cases of neglect or refusal to comply with either of the provisions of the law which controls and governs the conduct of the executor, as also, in cases where he shall violate any one or more of the covenants in the bond, and has dispensed with the proof of a *devastavit*, according to the course of the common law.

Upon the second point, it appears only necessary to observe that the right to sue any one or more of the obligors in the name of the People, for the use of any person who may be injured by the neglect or improper conduct of the executor, is expressly given by the provisions of the sixty-fifth section of the same act. There can, then, be no irregularity or error, in not joining

Jones, one of the obligors, and it could form no valid objection on demurrer, nor be cause of abatement. The statute has, in this particular, changed the common law rule as to the joinder of parties.

The judgment of the Circuit Court is reversed, and the cause remanded for further proceedings, not inconsistent with this opinion. The plaintiffs in error recover their costs.

*Judgment reversed.*